Townsend v. Hurst.

---

GEORGE A. TOWNSEND v. WILLIAM N. HURST.

CONTRACT: RESCISSION: FRAUD: SALE OF GOOD-WILL BY A PHYSICIAN.—If a physician sell his dwelling and shop expressly as a stand for a physician, and promise to remove from the State, and recommend the vendee, who is also a physician, to his former patrons, he is bound to carry out his contract in good faith; and if he soon afterwards settle in the same neighborhood and practise

his profession among his former patrons, it will be such a fraud on the rights of the vendee as will entitle him to a rescission of the contract.

ERROR to the Chancery Court of Carroll county. Hon. William Cothran, chancellor.

*George L. Potter*, for plaintiff in error.

*J. Z. George*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

The complainant filed his bill to enjoin the collection of a note executed by him to the defendant in consideration of the purchase of a tract of land and a small stock of medicine, and for a rescission of the contract on the ground that he purchased the premises and medicine of the defendant, who was a practising physician, occupying the premises as such at the time, as well as his good-will, under the representations and inducements held out by the defendant that it was a good stand for a physician, and chiefly valuable on that account ; and that he, the defendant, was in bad health, and intended to remove to Florida, and would recommend plaintiff or appellant to the community around as a physician. The bill further states that the appellant relied on these representations and inducements, and gave for the premises more than they were worth except as a stand for a physician. It is further alleged that appellant paid about one-half of the purchase-money when it became due, and when possession was delivered to him in January, 1855. That defendant, in 1855, settled in one mile and a half of him, and continued to practise medicine in fraud of his contract and sale, and to the prejudice of appellant.

The proof fully sustains the material allegations of the bill, which are denied by the answer.

Upon the final hearing, a decree was rendered dismissing the bill and awarding costs against the appellant.

Good faith and justice require that parties making representations and holding out inducements intended to influence the action of those with whom they deal in matters of contract, and upon which they are expected to rely and do rely, shall be strictly held to

make good such representations, and to fulfil the reasonable expectations thereby created. It is of the last importance that courts of equity should rigidly adhere to a rule so consonant with morality and common honesty.

The defendant in this case, by his public advertisement of his place for sale in the "Southern Standard," as well as by his declarations to appellant, and in his presence, offered to sell his dwelling, shop, and medicines, with his land; and represented it as a good stand for a physician. He stated to appellant that he was in bad health, and intended to remove to Florida. He stated that the place or land was not worth much, but that it was *his stand as a physician* and for his improvements that he asked the price. He further, *before the trade was concluded*, promised to recommend complainant to his patrons. He induced appellant, a young physician, to make the purchase; went to Florida; returned in a very short time; and again resumed practice in one and a half miles of his former stand, so sold to appellant.

The question is, did not these representations and this conduct on the part of the defendant, naturally and necessarily lead appellant to believe and understand that defendant would at least not continue the practice of medicine in that immediate vicinity? Did he not understand from the representations and promises made to him that he was to have the defendant's stand and his "*good will*," as the main inducement to the purchase? The testimony leaves no doubt on this point. Was the appellant deprived of the benefit he had the right to expect by the act of the defendant? This seems equally clear from the testimony.

According to some authorities, by the conveyance of a shop *alone*, the good-will passes, though not specifically named. *Kennedy* v. *Lee*, 3 Merivale, 452, 455; 3 Kent, 76, note b.

But in this case it was expressly sold as a *stand for a physician*, with the statement that defendant intended to remove to Florida, and with the promise to recommend appellant to his patrons.

Under such circumstances, the conduct of the defendant in returning and resuming his practice among his old patrons was such a violation of good faith, and such a fraud on the appellant, as entitles him to the relief he seeks.

Let the judgment be reversed, and cause remanded for further proceedings in accordance with this opinion.