JACKSON v. PRICE *et ux.**

(Division B. Oct. 19, 1925.)

[105 So. 538.  No. 25106.]

1. MONOPOLIES. *Trusts, combinations, etc., although they may result in restraint of trade, are not unlawful, unless hostile to public welfare.*

    Under anti-trust statute (sections 5002 and 5003, Code 1906; Hemingway's Code, sections 3281 to 3285 inclusive), trusts, combinations, contracts, and agreements, although they may result in restraint of trade, are not unlawful, unless they are also inimical to the public welfare.

2. MONOPOLIES. *Contract by seller of restaurant not to enter like business in competition with buyer in same municipality, without limiting time, held not contrary to anti-trust statute.*

    A contract between the seller and the purchaser of a restaurant business, located in a municipality, whereby the seller agrees not to enter a like business in competition with the purchaser in the same municipality, although without limit of time, is not violative of anti-trust statute (sections 5002 and 5003, Code 1906; Hemingway's Code, sections 3281 to 3285 inclusive).

*Headnote 1.   Monopolies, 27 Cyc., p. 898;  2.   Contracts, 13 C. J., Section 416.

APPEAL from chancery court of Grenada county.
HON. N. R. SLEDGE, Chancellor.

Suit by Pearson Jackson against Harry Price and wife for an injunction. From a judgment sustaining a

demurrer to complainant's bill, complainant appeals. Reversed and remanded.

*Cowles Horton,* for appellant.

I. Appellant's remedy to restrain appellees from continuing to violate this contract was by injunction, and appellant, in his bill, was seeking this remedy. *Klein* v. *Buck, et al.,* 73 Miss. 144.

II. The provision of the contract that appellees would not open up or conduct a restaurant or cafe business in Grenada Mississippi, is not violative of the anti-trust statute of this state. *Sivley et al.* v. *Cramer,* 105 Miss. 13.

III. Provisions of this character, where made ancillary to the sale of the business, are invariably sustained by the courts. *Thompson* v. *Means,* 11 S. & M. 604; *Anderson* v. *Faulconer,* 30 Miss. 145; *Klein* v. *Buck, et al.,* 73 Miss. 133; *Sivley* v. *Cramer,* 105 Miss. 13; *Pierce* v. *Fuller,* 5 Am. Dec. 102; *Pike* v. *Thomas,* 7 Am. Dec. 741; *Palmer* v. *Stebbins,* 15 Am. Dec. 204; *Grundy* v. *Edwards,* 23 Am. Dec. 409; *Bowser* v. *Bliss,* 43 Am. Dec. 93; *Up River Ice Co.* v. *Denler,* 68 Am. St. Rep. 480; *Lufkin* v. *Fringeli,* 63 Am. St. Rep. 736; *Kramer* v. *Old,* 56 Am. St. Rep. 650; *Oregon, etc., Co.* v. *Winsor,* 22 L. Ed. (U. S.) 315.

IV. Such a provision seems to have been conceded by all concerned as valid in *Pitts* v. *Montgomery,* 79 Miss. 250.

V. The ruling of the court below that the contract was invalid because it had no time limit, though limited as to territory, is squarely opposed by the following authorities in which there were no time limits in the contracts involved and upheld: *Thompson* v. *Means,* 11 S. & M. 604; *Anderson* v. *Faulconer,* 30 Miss. 145; *Pierce* v. *Fuller,* 5 Am. Dec. 102; *Pike* v. *Thomas,* 7 Am.

Dec. 741; *Palmer* v. *Stebbins,* 15 Am. Dec. 204; *Grundy* v. *Edwards,* 23 Am. Dec. 409; *Bowser* v. *Bliss,* 43 Am. Dec. 93; *Up River Ice Co.* v. *Denler,* 68 Am. St. Rep. 480; *Kramer* v. *Old,* 56 Am. St. Rep. 650; 6 R. C. L., page 799, sec. 201; 9 Cyc. 525, 527.

VI. The absence of a time limit in such a contract cannot, *ipso facto,* condemn it, since the time and place test is not the sole criterion to measure its validity. *Sivley* v. *Cramer,* 105 Miss. 13; *Oregon, etc., Co.* v. *Winsor,* 22 L. Ed. (U. S.) 315.

VII. No public interest would be injured by this transaction, for appellant merely stepped into the shoes of appellees and the public continued to be served by the same number of cafes as before. 6 R. C. L., page 794, sec. 197. See 9 Cyc. 529 (f).

VIII. Contracts violative of public policy are those prohibited by express terms or fair implication of a statute, or condemned by some decision of the courts construing the subject-matter. *Orrell* v. *Manufacturing Co.,* 83 Miss. 824; 9 Cyc. 483 (f).

IX. This contract is condemned by no statute of this state and every decision in this state either expressly or impliedly supports it.

*B. D. Newsom* and *S. C. Mims,* for appellee.

The court below was correct in its ruling sustaining the demurrer, for (1) bill of appellant was insufficient in its allegations to entitle him to the relief prayed for; and (2) because the contract sought to be enforced violated the statutes of the state prohibiting combines and trusts.

Appellees rely upon the case of *Sivley* v. *Cramer,* 105 Miss. 13. This case and the case at bar are on all fours, both as to the facts involved and the principle of law to be applied. See also *Brown* v. *Staple Cotton Ass'n.,* 96

So. 855. This court has adopted the rule of reason in disposing of contracts contravening the statutes prohibiting trusts and combines—*Brown* v. *Staple Cotton, etc., supra.* Pursuant to this policy it is necessary to consider each case on its particular merits or facts involved.

The contract is a simple "Bill of Sale," concluding with the bald provision that: "Grantors further agree that they will not open up or conduct a restaurant or cafe business in the said city of Grenada, Mississippi." It is manifest that on its face the contract is void and unenforceable in the courts. "All contracts in restraint of trade, where the reasonableness does not appear on the face thereof, are *prima facie* detrimental to the public interest and void." *Sivley* v. *Cramer, supra.* And the same case holds that "the burden of showing the reasonableness of such a contract by evidence *aliunde* rests upon the party seeking to enforce it."

It cannot be contended that under the allegations of the bill of appellant, evidence would have been admissible to establish the reasonableness of the contract sued on, as far as the public interest is concerned and that such restriction would not be detrimental to the public interest. The nearest approach to an averment to this effect is as follows: "That at the time of the execution of said contract, there were and there are now several other cafes and restaurants and eating places in the city of Grenada at which meals and lunches are served to the public." We submit that such a vague and indefinite allegation falls far short of the necessary affirmative averment that would entitle the appellant to have proved the reasonableness of the restraint contracted for, or would have entitled him to show that the several cafes and restaurants and eating places in the city of Grenada at which meals and lunches are served to the public are adequate to the demands of the public in number or service, or that the ones so established are

conveniently situated so that the restraint contracted for was not inimical to the public.

ANDERSON, J., delivered the opinion of the court.

Appellant, Pearson Jackson, filed his bill in the chancery court of Grenada county against appellee Hardy Price and wife, Mrs. Annie Price, to restrain them from conducting a restaurant business in the city of Grenada in competition with appellant, in violation of a contract theretofore entered into between appellant and appellees. Appellees demurred to appellant's bill, which demurrer was sustained by the court, and thereupon the court granted this appeal to settle the principles of the cause.

Appellant's position is, of course, that his bill states grounds for relief. Appellees' position is that the contract sought to be enforced by appellant's bill is violative of our anti-trust statute (sections 5002 and 5003, Code of 1906; sections 3281 to 3285 inclusive, Hemingway's Code), and if mistaken about the contract being unenforceable, appellees contend nevertheless that appellant's bill is insufficient to entitle him to the relief prayed for.

Appellant made substantially the following case by his bill: That appellees, prior to their sale thereof to appellant, conducted a restaurant and cafe business in the city of Grenada which they had built up into a good paying business under the name of "Hole in the Wall;" that, after the said restaurant business had been so built up, appellees sold it to appellant, for which the latter paid the sum agreed upon; that in addition an important and material part of the consideration for the purchase of said restaurant business by appellant was that appellees would not thereafter enter into a like business in competition with appellant in the said city of Grenada; that the contract evidencing the sale of said restaurant business was in writing, and, among

other provisions and stipulations, contained the following:

"The business hereby conveyed being that heretofore conducted by the grantors (appellees) under the name of 'Hole in the Wall,' in the city of Grenada, Miss. Grantors further agree that they will not open up or conduct a restaurant or cafe business in the said city of Grenada, Miss."

The bill further alleges that appellees had built up a business in Grenada and that locality where the same was carried on, which had a good will value which was also a part of the consideration which induced appellant to purchase the same; that without the stipulation in the contract that appellees would not engage in a like business in the city of Grenada, appellant would not have purchased said business, and that was distinctly understood between the parties; that at the time of appellant's purchase of said restaurant business and ever since that time, there were and have continued to be other cafes and restaurants in the city of Grenada available to the public, whereat the public may be served without resorting to any particular restaurant; that appellant in succeeding appellees in the restaurant business in said city merely stepped into appellees' shoes, leaving the public unaffected in so far as this particular kind of business is concerned; that while the contract evidencing the purchase is not limited by its terms to any particular period of time, it is limited as to space and precludes appellees from conducting a similar business within a restricted area in opposition to appellant.

All contracts and agreements in restraint of trade are not violative of our anti-trust statute. It is only those (to use the language in part of section 198 of the Constitution) that are "inimical to the public welfare." Section 198 of the Constitution is a mandate to the legislature to enact laws to prevent trusts, combinations, contracts, and agreements inimical to the public welfare.

Whether the legislature has the power to go beyond the constitutional mandate and prohibit trusts, combinations, contracts, and agreements which are not inimical to the public welfare has not been decided. It has been decided, however, that the legislature in adopting our anti-trust statute has not yet gone beyond the constitutional mandate. *Brown* v. *Staple Cotton Co-operative Association,* 132 Miss. 859, 96 So. 849; *Telephone Co.* v. *State,* 100 Miss. 102, 54 So. 670, 39 L. R. A. (N. S.) 277; *Sivley* v. *Cramer,* 105 Miss. 13, 61 So. 653.

Our court has, as has the supreme court of the United States in construing the Sherman Act (U. S. Comp. St., section 8820 et seq.), applied the rule of reason in construing our anti-trust statute. It had been held by this court before the decision of *Brown* v. *Staple Cotton Co-operative Association, supra,* that trusts, combinations, contracts, and agreements, which were not inimical to the public welfare, were not violative of our anti-trust statute. But, in the Brown case, this question was considered again and discussed fully, and that rule reaffirmed in unmistakable terms. The court there said that the statute did not outlaw all contracts in restraint of trade, but only such as in their nature and effect were inimical to the public welfare; that there had to be an undue and unreasonable restraint of trade injurious to the public good.

Applying that principle to the case in hand, there appears to be no difficulty in reaching the right conclusion. To enforce the contract involved in this case, under the allegations of the bill, would not make a single restaurant less in the city of Grenada. By virtue of the contract, appellees went out of the restaurant business and appellant went into the business in their stead. The public was left with the same restaurant facilities that it had before. There were other restaurants in the city of Grenada than the "Hole in the Wall" to which the public could resort. As the result of appellant's purchase of appellees' business, there was no lessening of

competition in Grenada in that business. And even if there had been that would not have been determinative of whether the contract was valid or not. Many contracts are in restraint of trade to some extent. That is often necessary to legitimate business. It is only unreasonable restraint of trade which is condemned by law—that restraint of trade which is injurious to the public welfare. The contract here involved, as will be observed, limits the area in which appellees bound themselves not to go into the restaurant business to the city of Grenada. There was no limit of time fixed in the contract for so refraining, but that was not necessary. There seems to be practically no conflict in the authorities to the effect that a contract of this character, otherwise reasonable, is not invalid because it contains no stipulation as to time limit. 6 R. C. L., p. 799, section 201; *Sivley* v. *Cramer,* 105 Miss. 13, 61 So. 653; *Thompson* v. *Means,* 11 Smedes & M. 604.

We are of opinion furthermore that the allegations of the bill are sufficient to bring the facts of appellant's case within the definition of what constitutes a reasonable restraint of trade. In other words, the allegations of the bill show that the enforcement of the contract between appellant and appellees would not be injurious or inimical to the public welfare.

*Reversed and remanded.*

ETHRIDGE, J. (specially concurring).

I think the law applicable to the facts is correctly announced in the opinion of Judge ANDERSON. I am not prepared to say that some of our anti-trust statutes do not prohibit specific acts whether inimical to the public or not; neither do I desire to express an opinion, or an intimation, that section 198 of the Constitution limits the power of the legislature in enacting anti-trust legislation; nor to express any opinion as to whether the legislature is not the sole judge of what is and what is not inimical to the public welfare, or whether it is a

judicial question in which the opinion of the legislature is reviewable. I prefer to withhold any announcement on each of these questions until they shall be properly presented for decision.