## Du Bois *v.* Thomas.

(Division A. May 27, 1929. Suggestion of Error Overruled September 23, 1929.)

[122 So. 495. No. 27833.]

*R. H.* and *J. H. Thompson,* of Jackson, for appellant.

*James W. Cassedy,* of Brookhaven, *W. C. Eastland,* of Forest, *E. O. Sykes,* of Washington, D. C., and *James W. Cassedy, Jr.,* of Jackson, for appellee.

Argued orally by *J. H. Thompson,* for appellant, and by *E. O. Sykes* and *J. W. Cassedy,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee, who claims to have discovered a formula known only to himself for the making of paper from wood and other pulp in commercial quantities cheaper and of higher grade than can be made from the same character of pulp by the uses of the ordinary and usual processes therefor, procured the appellant to enter into a written contract with him by which she agreed to build and equip a mill for the making of paper, and give appellee a one-half interest therein; he would transfer to her a one-half interest in his formula for making paper. The appellant also agreed to pay the appellee a salary of three hundred dollars per month for services to be rendered by him in connection with the building of the paper mill. The appellee disclosed his formula for the making of paper to the appellant, but she declined to build the paper mill, whereupon this suit was filed by the appellee, the prayer of his bill of complaint being in substance that the appellant be enjoined from disclosing his formula, and that she be directed to specifically perform her contract or to pay damages for the breach thereof.

The appellant's defense is that she was induced to make the contract by representations made to her by the appellee that he had made, and could make, paper with his secret formula in commercial quantities of higher grade at less expense than could be done from the same character pulp by the use of the usual processes therefor; that these representations were false and were fraudulently made; and that the appellee's formula was wholly without value. A mass of testimony was introduced by both sides, much of it being seemingly irrelevant.

The decree of the court below upholds the validity of the contract, adjudges the appellant to have broken it, restrains her from disclosing the appellee's formula for making paper, and awards the appellee damages for the breach of the contract.

The appellee, while testifying in his own behalf, was asked on cross-examination to disclose his formula for making paper, but he declined so to do, and the court upheld him in so doing. The ground of the appellee's claim of immunity from disclosing his formula is that it constitutes a trade secret which, if disclosed, would render the formula valueless to him, for the reason that it would then be in the possession of, and could be used by others. The evidence here sought to be elicited from the witness was relevant and material to the issue being tried, and might have disclosed that the formula was inefficacious. The witness, therefore, should have answered the question, unless he had the privilege of refusing so to do. A witness has a qualified, but not an absolute, privilege of refusing to disclose trade secrets when the disclosure thereof would depreciate their value. He should not be compelled to disclose such secrets where so to do is not essential to the ends of justice; but where a trade secret is relative to an issue being tried, and its disclosure is essential in order that the issue may be correctly determined and justice administered according-

ly, a witness is not privileged to refuse to disclose it. To hold otherwise would violate the general principle "that testimonial duty to the community is paramount to private interests, and that no man is to be denied the enforcement of his rights merely because another possesses the facts without which the right cannot be ascertained and enforced." 3 Wigmore on Evidence (2 Ed.), section 2212; 6 Jones' Commentaries on Evidence (2 Ed.), section 2481.

The appellee should have answered the question.

*Reversed and remanded.*