DONAHOE *v.* TATUM, d.b.a. PERSONNEL SERVICE, INC.

No. 42025         November 20, 1961         134 So. 2d 442

254

*Wells, Thomas & Wells, W. C. Wells, Roland D. Marble,* Jackson, for appellant.

*John Gregg, Henley, Jones & Henley,* Jackson, for appellee.

ETHRIDGE, J.

This suit involves the enforceability of a restrictive covenant as to future employment, which is ancillary to an employment contract. Appellee is the manager and co-owner of Personnel Service, Inc., an employment agency. Appellee brought this suit in the Chancery Court of Hinds County against Mrs. Barbara Donahoe to enjoin her from the violation of a contract dated June 6, 1956. By it she agreed: ". . . never to be employed by, or to install for myself, or to be employed by another company for the purpose of operating an employment agency within the boundary of Hinds County, Mississippi, for a period of five years following my separation from Southern Personnel Service (predecessor of appellee). I further agree and contract never to divulge any information contained in the office files of the Southern Personnel Service to anyone for any reason." The decree of the chancery court, which we affirm, enjoined Mrs. Donahoe from violating that contract.

After the above agreement appellant continued in the employment of appellee until she voluntarily resigned on April 30, 1959. Rudy D. Tatum, co-owner of the business with his wife, testified. There are eight private employment agencies in the City of Jackson and Hinds County. His agency receives job orders from employers with specifications as to their needs, and gives interviews and tests. It screens and selects persons according to these requirements. In that process the agency obtains a considerable amount of personal and confidential information about different applicants for jobs, and about the job classifications, compensations and attitudes of employers. Mrs. Donahoe first began working for appellee in September 1952. She became an employment counselor in 1953. All of the information available to the owners of the business was available to her. She received job orders from employers, different types of confidential information, and screened applicants to fit the orders. She had keys to the agency's files, and was promoted in its advertising.

Tatum said that the purpose of the contract was to protect his agency in its business, because it was a personal and confidential type of operation, with trade secrets and confidential relations with large employers and applicants for jobs. When Mrs. Donahoe signed the contract, she was about the only employee. Prior to her resignation she did the same type of work, with access to the same information and files, as the owners. After her resignation Mrs. Donahoe worked for a local company as its personnel director and publisher of its trade paper.

In December 1960 she was employed by the Wilson Brown's Employment Service, a local competitor of appellee. Tatum has clients who have used his services over the years. With seven other agencies in the city, he has "plenty of competition." The Code of Ethics of the Mississippi Private Employment Board, a vol-

untary association, provides that no agency shall hire any former employee of another agency, without written consent, unless he has been separated from a member agency for one year. Tatum said that Mrs. Donahoe in her new job is calling former clients of his agency; that she is an excellent employment counsellor, and she knows his agency's business, trade secrets, and confidential information.

Mrs. Emily Tatum, the other co-owner, gave a history of Mrs. Donahoe's training and work with Personnel Service. She also said that appellant is an experienced employment counselor. She and her husband relied on her and taught her everything they knew. She confirmed the confidential nature of appellee's records and methods of operation, and said: "Repeat business is your best business." Mrs. Donahoe knows the personnel directors of the different companies appellee has represented. She named three large employers which, she said, appellee had lost to appellant.

Mrs. Barbara Donahoe is 45 years of age. She has an A. B. degree, with experience in secretarial work, advertising, writing and employment counselling. She knew the terms of the contract when she signed it, but she thought its terms were unreasonable. She denied that she had been soliciting business away from appellee, although she admitted her new employer had mailed widely a printed announcement of association with him. She said she has not divulged any confidential information learned at Personnel Service, that she does not know anything which would enable her to harm appellee. She did not ask the Tatums for a release from the contract.

The chancellor's opinion found: Appellant understood the contract when she signed it; it does not involve undue hardship; and it does not tend to create a monopoly. He held it was "not unreasonable" for an organization such as appellee to have a restrictive covenant. Its pur-

pose was reasonable. Appellant is trained in journalism and advertising, and has "sufficient talent and training to earn a livelihood in pursuits other than employment agency work." Hence the decree enjoined her from employment with an agency in Hinds County until the expiration of five years from the date of the contract.

■■ ■ We do not think appellant's contract imposes an unreasonable restraint of trade so as to render it unenforceable. A bargain by an employee not to compete with the employer after the employment has terminated falls within this permissible category, provided the agreement is within such territory and during such time as may be reasonably necessary for the protection of the employer, without imposing undue hardship on the employee, and provided there is a reasonable basis for the covenant. 2 Rest., Contracts (1932), Sec. 516 (f). The validity of such an agreement is dependent upon such considerations as the nature and character of the employment, the size and conditions of the locality to which the prohibition extends, and the duration of the prohibition. In short, the evidence must show the reasonableness of the restriction with respect to the nature of the employment, the duration of the period of restraint, and the scope and extent of the restriction, territorially. 36 Am. Jur., Monopolies, Secs. 78, 79.

■■■ In the instant case, the evidence is rather strong with respect to bringing appellant's covenant with appellee within the bounds of reasonableness. Certainly the chancery court was warranted in so finding. Mrs. Donahoe's employment with appellee was of such character as to inform her of its business methods, confidential information, and trade secrets. These facts, if brought to the knowledge of a competitor, would prejudice the interests of the employer. She acquired confidential knowledge and acquaintance with the employer's clientele. Ibid., Sec. 79. These factors indicate the reasonableness of the agreement from the point of view of the employer.

With reference to the employee, she is a well educated person and understood the contract which she was signing. The chancellor correctly found that appellant is trained in other areas of work, and has sufficient talent and experience to earn a living in other pursuits during the period of the covenant. He was justified, therefore, in holding that there would be no such undue hardship upon appellant as would invalidate her contract. Nor does the evidence indicate that the agreement tends to promote a monopoly. Appellee has seven competitors in Hinds County. Competition among employment agencies appears to be vigorous.

Townsend v. Hurst, 37 Miss. 679 (1859), sustained the right of a physician to cancel a note given by him to another physician for the purchase of his medical practice and good will in a community. It was held that the latter's conduct in returning and re-entering medical practice was a violation of good faith and of the agreement. In Sivley v. Cramer, 105 Miss. 13, 61 So. 653 (1913), persons who purchased an insurance agency business, and received a covenant from the seller not to compete in four counties for ten years, were denied recovery of damages for breach of contract. The evidence did not show that the agreement was necessary for protection of the buyer's interest and the reasonableness of the limitations as to time and area.

Wilson v. Gamble, 180 Miss. 499, 177 So. 363 (1937), affirmed a chancery injunction restraining two young physicians, who had been employees, from violating their covenant not to practice medicine within a city for five years from the date of termination of their contract. The limitation of time and space was found to be reasonable, and the public interest did not suffer, because there was adequate competition and available medical service. The Court, citing numerous authorities, recognized the general principles pertaining to such restrictive covenants.

It is the law's function to maintain a reasonable balance in this area. This "requires us to recognize that there is such a thing as unfair competition by an ex-employee as well as by unreasonable oppression by an employer." The circumstances of each case will be carefully scrutinized to determine whether it falls within or without the boundary of enforceability. 6 Corbin, Contracts (1951), Sec. 1394; 5 Williston, Contracts (Rev. Ed. 1937), Secs. 1659, 1660; Anno., 41 A. L. R. 2d 15 (1955).

The evidence here shows that Mrs. Donahoe contracted to forbear from competition in Hinds County for five years. Personnel Service made available to her, and she possesses, confidential information, and the business methods and trade secrets of this employment agency. Appellee has suffered, and may suffer in the future, substantial harm if appellant is permitted to violate the contract. Nor does it place an undue burden upon appellant. Haysler v. Butterfield, 244 Mo. 733, 218 S. W. 2d 129 (1949), sustained a somewhat similar contract between an employment counselor and an employment agency for a period of two years. However, the principles of law applied in Wilson v. Gamble and the instant case are applicable only under restricted circumstances. The facts of each case will be carefully examined as to the reasonableness of such restrictive covenants. The evidence here supports the decree enforcing appellant's contract.

Affirmed.

*Lee, P. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.