BAGWELL *v.* H. B. WELLBORN & Co., INC.

No. 42737          October 14, 1963          156 So. 2d 739

*D. P. Self, Jr., Gerald Adams, H. C. Mike Watkins,* Meridian, for appellant.

*Dunn & Singley,* Meridian; *William A. Bacon,* Jackson, for appellee.

Lee, P. J.

H. B. Wellborn & Company, a Mississippi corporation, engaged in a general insurance adjustment business, with a branch office in the City of Meridian, Mississippi, sought to enjoin Floyd D. Bagwell against violating the terms of an employment contract between the parties of date of January 26, 1961. A copy of the employment agreement was attached to the bill. This instrument recited that the employee had never been engaged in the independent insurance adjustment business in the territory named except as complainant's employee; that such business is highly competitive, and depends to a large extent upon friendships, contracts and confidential information, formed and obtained in connection therewith; that the employer had spent many years in this character of work and had, thereby, obtained the benefit of confidential information; and that it was unwilling to employ Bagwell without execution of the agreement. By Par. 3 thereof, it was provided as follows: "Employee hereby covenants and agrees that *he will not, within a period of two years after the termination of*

*said employment, engage in any manner in the independent insurance adjustment business in the City of Meridian or within a radius of 75 miles from the corporate limits thereof.* This obligation not to so engage in any competing business is not limited to engaging therein in employee's own name or for his own account, but shall include any connection with the handling of any other types of independent insurance adjustment business either as employee, partner, stockholder, or other interest in any concern engaged in an independent insurance adjustment business. This agreement, however, shall not prevent the employee from performing services as a regular employee of an insurance company which does its own adjustment work, but shall prevent him from performing any services in said territory as an employee of any insurance adjustment company. *Employee also agrees that he will not,* during the period of said employment or within two years after termination thereof, *either use himself or impart to anyone else any confidential information which he might have obtained by reason of said employment. * * *''* (Emphasis supplied.)

The bill charged that the defendant's employment was terminated about June 2, 1962, and, since said time, the defendant had set up his own competing claim service, used information and client lists obtained from the complainant, and solicited business contrary to his contract of employment.

The answer of the defendant denied all of the material allegations of the bill and set up affirmative defenses, namely, a lack of consideration, no breach in the contract, it must be strictly construed against the complainant, the contract was unreasonable, and its enforcement would cause undue hardship to him.

After hearing the evidence, the court delivered an elaborate written opinion in which the conflict in the evidence was resolved in behalf of the complainant. The

hearing was, by agreement, treated as final. The decree was in accord with the findings and enjoined the defendant from engaging in the independent insurance adjustment business in the City of Meridian, Mississippi, or within a radius of seventy-five miles from the corporate limits thereof, as stated in the contract. From this action, the defendant appealed.

Without detailing the evidence, it is sufficient to say that it showed the right of the complainant to terminate the contract of employment, and the defendant's continuance thereafter in the independent insurance adjustment business in the City of Meridian, Mississippi, and adjacent territory thereto, in competition with the complainant, and in violation of the contract. There was a dispute in the evidence as to whether or not trade secrets, or secret information previously gained from the emplyer was of such nature as to be beneficial to the employee, as a competitor, or that the same was imparted to others.

In effect the court held, from all the evidence, that appellant understood the provisions of the contract when he signed it; that its terms were complied with by the appellee; that it was not unreasonable; that, by reason of the relation, appellant acquired knowledge of and acquaintance with the employer's clients; and that the enforcement of the contract would not result in monopoly or undue hardship. In other words, the contract here involved was reasonable as to time, territory, and the nature of the employment or trade protected.

The conclusions of the learned chancellor, in regard to the basic question, are borne out by a consideration of Wilson v. Gamble, 180 Miss. 499, 177 So. 363, where doctors were involved; Donahoe v. Tatum, 242 Miss. 253, 134 So. 2d 442, where an employee in a personnel office was concerned; and Frierson v. Sheppard Building Supply Co., Inc., 247 Miss. 157, 154 So. 2d 151, where the

general manager of a building supply company was affected. These cases illustrate the application of the principles here in question and so thoroughly settle them that further comment thereon is unnecessary.

In the course of the testimony of H. B. Wellborn, President of the company, he referred to the use and value of a book which he had been compiling over a period of fourteen years, and which, in his opinion, constituted valuable and confidential information about the business. He said that he gave the appellant a copy for use in the business at Meridian as the branch manager. But he did not offer a copy in evidence. When counsel for appellant demanded its admission, counsel for appellee objected because it was contended that this was confidential information, prepared by the witness; that, if required to introduce it, the same would become open to the public; and that, under such circumstances, the book was privileged. The court refused to admit the same. Appellant denied that he had any knowledge of the contents of the book except for casually glancing over some of it two or three times.

Appellant says that it was reversible error for the court to refuse the admission of this evidence. Neither party has cited authority on the competency and admissibility of this evidence. But in Du Bois v. Thomas, 154 Miss. 286, 122 So. 495, the appellee there had filed his complaint to recover damages and for other relief on the ground that appellant had refused to carry out her written contract for the building of a mill to manufacture paper, under his secret formula, in commercial quantities of higher grade at less expense, and that when the formula was disclosed, the appellant refused to perform the contract. The defense was that the formula was wholly without value. In the trial of the case, while testifying in his own behalf, appellee was asked on cross-examination to disclose the formula for making paper. He declined to do this on the ground

that his formula constituted a trade secret which, if disclosed, would render it valueless. The court upheld his contention. But this Court said: "The evidence here sought to be elicited from the witness was relevant and material to the issue being tried, and might have disclosed that the formula was inefficacious. The witness, therefore, should have answered the question, unless he had the privilege of refusing so to do. A witness has a qualified, but not an absolute, privilege of refusing to disclose trade secrets when the disclosure thereof would depreciate their value. He should not be compelled to disclose such secrets where so to do is not essential to the ends of justice; but where a trade secret is relative to an issue being tried, and its disclosure is essential in order that the issue may be correctly determined and justice administered accordingly, a witness is not privileged to refuse to disclose it," citing 3 Wigmore on Evidence (2 Ed.), section 2212; 6 Jones' Commentaries on Evidence (2 Ed.), section 2481.

For like reason, the so-called "bible" should have been introduced, and it was error to refuse its admission.

However, this error was not of such gravity as to require a reversal of the case. As a matter of fact, its value, if any, was with reference to imparting information — only one phase of the case. ■■■ It is obvious that an agent for the adjusting firm, who went to the office in the City of Meridian, and, for approximately seventeen months, met the proper people, solicited business for his employer, and adjusted claims for his employer's patrons, must have gained very valuable information and knowledge which would greatly assist him in opening and operating a like business in his own or firm name. Consequently, since by his contract he agreed that, if the same should be terminated, he would not engage in such capacity for a term of two years, he should not be permitted to do so.

It follows that the decree of the trial court was proper, and that it must be affirmed.

Affirmed.

*McElroy, Rodgers, Jones and Brady, JJ.,* concur.