420 So.2d 1041 (1982)
James Kiley THAMES
v.
DAVIS & GOULET INSURANCE, Inc.
No. 53347.
Supreme Court of Mississippi.
August 25, 1982.
Rehearing Denied November 10, 1982.
Watkins & Eager, James L. Carroll, Jamie G. Houston, III, Jackson, for appellant.
W.E. Gore, Jr., Jackson, for appellee.
Before SUGG, HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court:
James Kiley Thames has appealed an order of the Chancery Court of the First Judicial District of Hinds County overruling his motion to dissolve a temporary injunction of that court previously issued against him, which enjoined him from soliciting any customers or policy holders of the complainant Davis & Goulet Insurance, Inc., listed on Exhibit C to the bill of complaint.
We address on this appeal the propriety of the injunction.
Davis & Goulet Insurance, Inc., is a Mississippi corporation engaged in the insurance business in Jackson as local agent for several casualty insurance companies. Mr. Thames was employed by Davis & Goulet on May 7, 1975, as a salesman and agent of the company under a written contract. We quote the heading and pertinent parts:
CONTRACT OF EMPLOYMENT BETWEEN DAVIS AND GOULET INSURANCE, INC., HEREINAFTER CALLED THE COMPANY
AND
JAMES KILEY THAMES HEREINAFTER REFERRED TO AS THAMES
(1) Company agrees to employ Thames as a solicitor and/or Agent in the business of the Company, and Thames agrees to devote his full time, energy, ability, skill and services to the business of the Company, more particularly to the business of selling and soliciting insurance.
(4) It is understood and agreed that this contract may be terminated at any time by giving (30) thirty days notice by either party to the other, and compensation to the said Thames will cease at the end of the said 30 days, and for this purpose the books of the Company shall be closed at the end of such 30 days.
(5) The said Thames agrees that, in the event this agreement is terminated, he *1042 will not solicit, directly or indirectly, business of any customer of the Company, whether said customer be originally obtained by said Thames or others, nor will the said Thames attempt in any way to influence any other agents of the Insurance Companies in any manner operating under or through Company. The said Thames agrees that the names or lists of customers and any other business affairs of Company, are the sole property of the Company and the said Thames agrees that, during the lifetime of this contract, he will disclose nothing apertaining [sic] thereto to any persons, nor in the event of termination of this contract will he hereafter use any information thus acquired for his own use or directly or indirectly divulge same to any parties.
The contract also gave Thames the option, following one year's employment, to purchase a small number of shares in the corporation.
On August 26, 1980, Thames notified Davis & Goulet that he intended to resign from his employment, and a month later he left the business and began working with another insurance agency.
The bill of complaint was filed February 3, 1981, seeking to enjoin Thames from violating the contract, exhibited to the bill, and for a judgment against him for commissions earned in violation of the contract. The complaint made no allegation of the reasonableness or need for the restraint imposed by the contract, or background or circumstances surrounding its execution. An answer setting forth several defenses, and denying complainant's right to any relief, was filed along with a general demurrer on February 10.
On that date the chancellor conducted a hearing on whether to issue a temporary injunction, following which an order granting a temporary injunction was issued by the court February 12, enjoining Thames from soliciting any customers or policy holders listed on Exhibit C to the complaint, upon the filing of an injunction bond payable to Thames in the sum of $5,000.
On March 2, Thames filed a motion to dissolve the temporary injunction, on which a hearing was conducted March 13, and the chancellor by order dated May 1, 1981, overruled the motion.
In both hearings before the chancellor, Davis & Goulet offered no proof of its economic need for the post-employment restraint imposed by the contract, or its reasonableness, or any circumstances or background to the execution of the contract supporting such restraint.
Thames, on the other hand, testified that Davis & Goulet gave him no training in the insurance business, and that he was fully trained when he was employed by the firm. He testified that the only customers he was interested in soliciting were friends and relatives of his who he had put on the books, and except for their personal relation to him, would not be customers of Davis & Goulet. He also testified that a considerable financial hardship would be imposed on him if he was prohibited from soliciting these parties as customers.
After the rendition of the order overruling the motion to dissolve the temporary injunction, Thames petitioned for an interlocutory appeal, which was denied by the chancellor May 20. This Court granted an interlocutory appeal June 17.
The assignments of error we address are the finding by the chancellor that the contract was enforceable and the injunction was proper.

LAW
The chancellor imposed a limited restraint upon Thames in the injunction. In this case we do not reach the enforceability of this restraint imposed by contract, whether it was reasonable or not, because procedurally Davis & Goulet failed to meet the burden of proof imposed upon it in seeking to enforce the contract.
This Court has examined several contracts imposing post-employment restraints upon competition. See Texas Road Boring Company of Louisiana-Mississippi v. Parker, 194 So.2d 885 (Miss. 1967); Landry v. Moody Grishman Agency, Inc., 254 Miss. 363, 181 *1043 So.2d 134 (1965); Redd Pest Control Company, Inc. v. Heatherly, 248 Miss. 34, 157 So.2d 133 (1963); Bagwell v. H.B. Wellborn & Company, 247 Miss. 564, 156 So.2d 739 (1963); Frierson v. Sheppard Building Supply Co., Inc., 247 Miss. 157, 154 So.2d 151 (1963); Donahoe v. Tatum, 242 Miss. 253, 134 So.2d 442 (1961); and Wilson v. Gamble, 180 Miss. 499, 177 So. 363 (1937).
In Donahoe v. Tatum, supra, we stated:
It is the law's function to maintain a reasonable balance in this area. This requires us to recognize that there is such a thing as unfair competition by an ex-employee as well as by unreasonable oppression by an employer. The circumstances in each case will be carefully scrutinized to determine whether it falls within or without the boundary of enforceability. Id. 242 Miss. at 261, 134 So.2d at 445 (citations omitted).
In Texas Road Boring Company of Louisiana-Mississippi v. Parker, supra, we stated:

Non-competition agreements are not favored in law and in considering them, courts recognize there are three major aspects to be looked to: the rights of the employer, the rights of the employee, and the rights of the public... .
* * * * * *
The recurrent theme of these cases is that restrictive covenants are not favored in law; the employer has the burden of proving their reasonableness; and the reasonableness as to time and space limitations must be determined from the facts of each case.

Id. at 888-89 (emphasis added).
One of the landmark cases on this subject is Arthur Murray Dance Studios of Cleveland v. Witter, 62 Ohio L.Abs. 17, 105 N.E.2d 685 (1952). This case, quoted in numerous cases throughout the United States and in law journal articles, details and amplifies somewhat the general statements in our Mississippi cases of the procedural obligation of an employer who seeks to enforce such a contract:
In this type of case, heavy procedural burdens impede the plaintiff employer. Because the restraint sought to be imposed is one which restricts the exercise of a gainful occupation, it is a restraint in trade... . It is cautiously considered, carefully scrutinized, looked upon with disfavor, strictly interpreted and reluctantly upheld... . Being a contract in restraint of trade it is presumptively void. The employer shoulders the burden of proving the restraint reasonable and the contract valid... . Even where the restraint is partial, the rule is not that it is good, but that it may be good.... The fact that an employer has a written agreement that the employee will not, on leaving his employment, compete with his employer, that the employee breaks that agreement, that the employee quits his employer, that the employee starts working for a rival, and that the rival thereby becomes a more efficient competitor,  all this, without more, does not automatically entitle the employer to an injunction. ... Since this is an equitable action, the employer must establish the standard requirements for equitable intervention... . 105 N.E.2d at 693-94 (citations omitted) (emphasis added).
See also Richardson v. Paxton Company, 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962); 43A C.J.S. Injunctions § 210 (1978), at 442-43, 447-48, and cases cited.
As above noted, this Court is committed to the general rule requiring the ex-employer in a case such as this to demonstrate to the trial court the economic justification, the reasonableness of the restraint which is sought to be imposed. Davis & Goulet did not plead in its complaint any special reason or necessity why the contract should be enforced. Furthermore, at both hearings it offered no proof whatever as to the reasonableness, necessity or purpose of the contractual prohibition. It simply offered the contract and proof as to alleged violations. This without more did not afford sufficient ground for injunctive relief *1044 under the general rule in cases of this nature.[1]
We do not reach these factors in this case, however, because no proof of reasonableness or necessity was offered by Davis & Goulet.
While he may not have been required to do so in the posture of the case at the hearing, it is also to be noted that Thames offered proof as to why post-employment restraint should not have been imposed upon him.
We must therefore hold that the chancellor was in error in issuing the temporary injunction.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., BROOM, ROY NOBLE LEE, BOWLING, DAN LEE, and PRATHER, JJ., concur.
NOTES
[1] In the cases cited from this Court, we have listed many of the circumstances a chancellor may consider in determining whether a post-employment restraint is reasonable and enforceable. See also Arthur Murray Dance Studios, supra, for detailed analysis of such factors. Two leading law journal articles are: Blake, Employee Agreements Not to Compete, 73 Harv.L.Rev. 625 (1960); and Grody, Partial Enforcement of Post-Employment Restrictive Covenants, 15 Colum.J.L. & Soc.Probs. 181 (1979).