## SUPREME COURT.

### SIDNEY S. HAMMOND agt. JESSE F. SHEPARD.

An agreement to receive and enjoy a sum of money promised, can be no valid *consideration* for the promise.

Where the defendant " promised to pay the trustees of New York Central College $100, in five years, or their authorized agent—they agree to apply it for college purposes:" *Held*, that there was no sufficient consideration expressed in the instrument itself to sustain the promise.

But where it was shown that the defendant had signed a separate cotemporaneous agreement, whereby he certified that he had " this day signed $100 for the N. Y. Central College, which he agrees to pay in five years, *on condition* that said college holds its doors open upon all moral subjects, and that they will use their influence on the students, if the subject of the mortality of the soul should be presented for discussion in the lyceum, to have them attend and hear the said discussion, and investigate it as they would any other moral subject; and also that the college chapel will be open with three weeks' notice on the sabbath, for any suitable christian person to preach on that subject:"

*Held*, that this agreement was a sufficient consideration for the defendant's promise.

*Sixth District General Term, May*, 1865.

*Before* MASON, BALCOM, CAMPBELL *and* PARKER, *Justices.*

MOTION for a new trial on a bill of exceptions taken on the trial at the circuit, and ordered to be heard at general term in the first instance.

HORATIO BALLARD, *for plaintiff.*
WOOD & NASH, *for defendant.*

By the court, PARKER, J. This action is brought upon an instrument of which the following is a copy :

"October 14, 1853.

"I promise to pay the trustees of New York Central College one hundred dollars, in five years, or to their authorized agent. They agree to apply it for college purposes.

"Silas Hammond, *Agent.*
"Jesse F. Shepard."

The plaintiff claims to have purchased the instrument from the college, and brings the action as assignee and owner. At the same time when the above instrument was made, the following was also made and signed by Hammond, agent, to wit:

"West Bloomfield, *October* 14, 1853.

"This certifies that Jesse F. Shepard has this day signed one hundred dollars for New York Central College, which he agrees to pay in five years, on condition that said college holds its doors open upon all moral subjects, and that they will use their influence on the students, if the subject of the mortality of the soul should be presented, for discussion in the lyceum, to have them attend and hear the said discussion, and investigate it as they would any other moral subject; and also that the college chapel will be open, with three weeks' notice, on the sabbath, for any suitable christian person to preach on that subject.

"Silas Hammond, *Agent.*"

The principal question in this case is, whether there was any consideration for the promise of the defendant. There is no sufficient consideration stated in the instrument itself, signed by the defendant, for the agreement of the payees therein expressed, to apply the money to be paid by defendant to college purposes, can scarcely be claimed as such. The fulfilment of the agreement by the college involves no benefit to the defendant or a stranger, nor any loss or inconvenience to the college. The agreement to receive and enjoy a sum of money promised, can surely be no valid consideration for the promise; for the common

law requires that the consideration should be *valuable*, that is of *benefit* to the promissor, or *injury* to the promissee, which such an agreement would not be. (*Story on Contracts*, § 429 ; 1 *Parsons on Contracts*, 357 ; 2 *Denio*, 416). I am inclined to think, however, that in the contemporaneous writing, signed by the agent of the college, which is to be read as part of the agreement, a sufficient consideration for the defendant's promise appears. By that it is shown that the defendant made it a consideration of his paying the money that the college should hold its doors open on all moral subjects. We are to deem it proved on the trial that this was done, as it is stated in the case that evidence tending to prove it was given, and defendant's counsel conceded that there was no question for the jury. Here then, is evidence of *a request by the defendant* to the college, to hold the door of its lecture room open to lectures on all moral subjects, which was done accordingly.

In *Stewart* agt. *Hamilton College* (1 *Coms*. 581), Judge GARDINER says: "If with Ch. J. NELSON, we find that the defendant agreed to pay $800 provided the plaintiff would procure subscriptions, and should afterwards invest the money, &c., this according to the cases would amount to a request to perform those services, and the defendant would be liable." If so, a request is equally implied in this case, and the consideration is sufficient.

Again, this promise of defendant can be supported on the ground that it is a conditional promise or agreement on his part, binding when accepted and acted upon by the college, the promissee. "Gratuitous promises or propositions to pay money upon consideration, or upon the doing of some act, or incurring some expense, loss or legal obligation, become binding as legal and valid contracts, upon acceptance and performance of the stipulated conditions." (*The Wayne and Ontario Coll. Ins.* agt. *Smith*, 36 *Barb.* 583-4 ; *Crosbie* agt. *McDonald*, 13 *Ves.* 157 ; *L'Amoreaux*

Hammond agt. Shepard.

agt. *Gould*, 3 *Seld.* 349.) This case is clearly within that principle.

The objection made by the defendant that the promise is to the " New York Central College," while the true name of the corporation is the " New York Central College Association," cannot avail, for its identity is apparent from the proof that the college was known by both names (*Angell & Ames on Corp.* § 234). The title of the plaintiff to the instrument was, I think, sufficiently proved.

There is in this case no question arising upon any of the conditions in the contract except the one already alluded to, for there was no evidence offered to show that the subject of the *mortality* of the soul was presented for discussion in the lyceum, so that no occasion arose for the college to use their influence on the students to attend. And no evidence of any notice to them to open the college chapel for preaching on that subject.

In regard to the objection under the statute of frauds, that there is no agreement in writing expressing the consideration subscribed by the defendant, I think both papers are to be taken as though joined together, and that defendant's subscription to one is a virtual subscription to both (*Story on Con.* § 784).

Upon the whole I think judgment should be given for the plaintiff on the verdict, and a new trial denied, with costs.