E. JACCARD JEWELRY COMPANY, Appellant, v. JOHN C. O'BRIEN *et al.*, Respondents.

St. Louis Court of Appeals, April 20, 1897.

Contract for Personal Services, Injunction to Restrain Breach of: EQUITY. A court of equity will not interfere to restrain a breach of contract for personal services, unless the services are unique, individual, and peculiar.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED.

*Edmond A. B. Garesche* for appellant.

A negative agreement not to engage in a certain line of employment during a specified time is clearly enforcible by injunction. High on Injunctions, secs. 1162–1165; *Lassard v. Lucifer*, 18 Ore. 221; 14 Canadian Law Times, p. 6; *Donnell v. Bennett*, 22 Ch. Rep. 835; *Gill v. Farris*, 82 Mo. 156; *Sleff v. Cassell*, 2 Jur. N. S. 348.

*Laughlin & Tansey* for respondents.

There being nothing exceptional or unique in the services to be rendered by the defendant, O'Brien, there is an adequate remedy at law, and an injunction will not issue. Beach, Mod. Eq. Jur., sec. 772; Fry on

Spec. Perf., secs. 110–112; 3 Pom. Eq. Jur., p. 1343; *Mfg. Co. v. Rogers*, 20 Atl. Rep. 467; *Fredericks v. Mayer*, 13 How. Pr. 566, 571; *Carter v. Ferguson*, 12 N. Y. Sup. 899; *Cort v. Lassard*, 18 Ore. 221; *Strolodge v. Crous*, 2 N. Y. Sup. 899; *Burney v. Ryle*, 91 Ga. 701; *McCaull v. Braham*, 16 Fed. Rep. 37; *Chemical Co. v. Hardman*, 2 Ch. Law Rep. (1891) 416.

BIGGS, J.—The plaintiff is engaged in the sale of jewelry in the city of St. Louis. The defendant, the Mermod–Jaccard Jewelry Company, is engaged in a like business in said city. Prior to November, 1895, the defendant, John C. O'Brien, had been employed by the Mermod–Jaccard Jewelry Company as a clerk or salesman. On the twenty-first day of November, 1895, he entered into a contract with plaintiff in which he agreed to act as its salesman for the period of one year at a weekly salary of $20. In addition he was to receive one and one half per cent on all sales made by him. O'Brien also covenanted that he would not engage in like service for anyone else during the time. He did not comply with the contract. Whether he broke it, or was released from it, is not clear under the evidence. It is conceded that he engaged to remain in the service of the Mermod–Jaccard Jewelry Company. The present action was instituted to enjoin and restrain him from continuing in the employment of his codefendant or from accepting like employment elsewhere during the term specified in his contract with plaintiff. The plaintiff averred "that the services which defendant O'Brien contracted with plaintiff to render to it were of an unique, unusual, and peculiar character, and he was employed by plaintiff upon the terms proposed by him because of his agreement to render it services peculiar and personal to himself, and which, because of

their peculiar and personal character, could not be obtained by plaintiff elsewhere.'' It was also averred that he had a personal custom which he could control and take with him wherever he might go.   Upon an order to show cause why an injunction should not issue all parties appeared and filed affidavits.   Those presented by the plaintiff were to the effect that O'Brien was a salesman of large experience and extraordinary capacity; that by his pleasing address and prompt attention to business he had succeeded in securing a large personal trade or custom which he could control; that when his codefendant learned of his employment it induced him to violate his contract.   O'Brien in his affidavit denied that he possessed unusual skill or experience as a salesman of jewelry, or that he controlled any particular trade or custom.   He averred that he was twenty-six years old, and that he had been engaged in the jewelry business for only two and one half years, and that his entire service in the business had been with his codefendant.   He also averred that the plaintiff released him from his contract.   Other affidavits filed by Mermod–Jaccard & Company were to the effect that O'Brien was a good average salesman; that his experience in the jewelry business was limited to two and one half years service with his codefendant; that he possessed no unusual skill or qualifications and controlled no trade of any consequence, and that the plaintiff could easily have filled his place.   The circuit court found that the services of O'Brien were not unique or unusual, but such as could have been satisfactorily performed by anyone who possessed ordinary ability and had had a like experience in the sale of jewelry, and further, that the plaintiff could have secured such a person without much trouble or expense.

The English courts formerly ruled that a court of equity ought not to interfere to restrain the violation of

E. Jaccard Jewelry Co. v. O'Brien.

a contract for personal services in any case where it could not enforce specific performance.

**INJUNCTION to restrain breach of contract for personal services: equity.** Thus in *Kemble v. Kean* (6 Sim. 333), the defendant, who was an actor, agreed with the plaintiff to perform ·at plaintiff's theatre, during a specified time, and he also covenanted that he would not act at any other theatre in the city of London during the term. Kean violated his contract by engaging at another theatre, and Kemble attempted to restrain him from violating the negative stipulation in his contract with him. It was held that as the court could not enforce the affirmative part of the agreement, it would not restrain the breach of the negative part. The doctrine of this case was expressly overruled in the subsequent case of *Lumley v. Wagner*, 1 De Gex. M. & G. 604. It was there held (under similar facts) that a court of equity *would* interfere to prevent the violation of the negative portion of a contract, although it had no power to enforce the affirmative portion. The decision of the *Lumley* case has received only a qualified indorsement by the courts of this country, that is, to the extent that if the services · contracted for are purely intellectual and personal in their character, such as the services of authors or actors, or if the services are mechanical and material, but which require unusual skill and practice, they are held to form a class, and a court of equity will interfere to restrain the breach of a contract for such services, upon the ground that the services are unique, individual, and peculiar. When such a contract is broken, the same service is not readily or easily obtainable from others, and the resulting damage is irreparable, in that it can not be estimated. This forms the basis for the exercise of equitable jurisdiction. 2 Beach on Modern Eq., sec. 772; 3 Pom. Eq. Jur., sec. 1343; *Rogers v. Rogers*, 20 Atl. Rep. (Conn.) 467; High on Injunctions, secs. 1162–1164; *Cort v. Lassard*,

18 Oregon, 221; *Burney v. Ryle,* 91 Ga. 701; *McCaul v. Braham,* 16 Fed. Rep. 37; *Fredericks v. Mayer,* 13 How. Pr. (N. Y.) 566.    It is clear, we think, that the facts in the case at bar do not bring it within the rule. There is nothing unique, unusual, or exceptional either as to the qualifications of a salesman of jewelry, or in the character of the services required of him.    He must be intelligent, polite, and attentive, and possess a knowledge of the value of jewelry.    The evidence satisfies us that O'Brien possessed these qualifications, but not in an eminent degree.    Doubtless the plaintiff, with but little exertion or expense, could have secured one or perhaps a dozen other clerks equally as capable as O'Brien.

The judgment of the circuit court will be affirmed. All the judges concur.