### HAMILTON v. DAVIS et al.

(Supreme Court, Appellate Term.  November 10, 1904.)

1. CONTRACTS—PARTIES—INDIVIDUAL OR CORPORATE CAPACITY—ESTOPPEL.

 Defendant Davis entered into a contract with plaintiff which purported to be made by "Davis & Darcy," "parties of the first part," and was signed "Davis & Darcy, per Chas. L. Young." It was conceded that the fact of a corporation styled "Davis & Darcy" was concealed from plaintiff, that defendant and Darcy were the stockholders and president and secretary, respectively, that they were active in its affairs, and that Young was its general manager. *Held,* that defendant was estopped from claiming that not he, as a member of a firm, Davis & Darcy, but a corporation of that name, was liable under the contract.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action to recover for professional services as an actress by Margaret Hamilton against Owen Davis, impleaded with Frederick Darcy. From a judgment for plaintiff, defendant Davis appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-GERALD, JJ.

Louis J. Rosett, for appellant.

John H. Parsons, for respondent.

BISCHOFF, J.  Upon the trial it was wholly undisputed that the plaintiff had performed the contract of employment upon her part, and was entitled to the salary sued for; the defendant's sole contention being that not he, as a member of a firm, Davis & Darcy, but a corporation of that name, was liable under the contract with the plaintiff.  The contract was in writing, and contained nothing which could even remotely apprise the plaintiff that she was contracting with a corporation.  It purported to be made by "Davis & Darcy, of New York, N. Y., parties of the first part," and was signed, "Davis & Darcy, per Chas. L. Young." It was conceded that the fact of a corporation styled "Davis & Darcy" was concealed from the plaintiff, that the defendant Owen Davis and one Frederick Darcy were the stockholders and president and secretary, respectively, of such a corporation, that the corporation was engaged in theatrical enterprises, that Charles L. Young was its general manager, and that Davis and Darcy were active in its affairs. These circumstances justified the court below to hold that the defendant Davis was estopped from denying that the contract was made with a firm of which he and Darcy were the members, and that Young was their general manager, authorized to make contracts of employment in the firm's behalf.  It was apparent

that the plaintiff was induced by Davis & Darcy to believe that she was contracting upon the faith of their liability as individuals and members of a firm, that she entered into the contract relying upon the credit of Davis and Darcy as members of such a firm, while they furtively intended to escape liability by asserting that the contract was made with a corporation bearing the firm's name. The contract, as already stated, described "Davis & Darcy" as "parties" of the first part, thus clearly conveying the impression to the plaintiff that she was dealing not with an entity of that name, but with individuals associated together for the purposes of the contract. They (Davis and Darcy) were in full control of the affairs of the corporation as stockholders and executive officers. The corporation bore a name, to their knowledge, and with their approval and consent, which would ordinarily indicate a copartnership, rather than an incorporated body. They held Young out as their general manager, and subsequently availed themselves of the plaintiff's services performed by her in compliance with a contract which they knew or should have known she entered into under the belief, induced by their conduct and representations, that she was dealing with a copartnership composed of themselves. That the defendant cannot escape liability by means of his own asserted fraud is a proposition so elementary as to render further elucidation than the bare statement of it conveys unnecessary.

We find no errors in the rulings of the trial court which are prejudicial to the defendant, and the judgment therefore should be affirmed, with costs. All concur.