MECHANICVILLE WAR CHEST, INC., Appellant, *v.* W. H. BUTTERFIELD, Respondent.

(County Court, Saratoga County, January, 1920.)

Subscriptions — '' War Chest '' fund — associations — evidence — pledges — actions — Code Civ. Pro. § 1776.

An incorporated association organized in a city to solicit subscriptions to the " War Chest " fund issued printed pledge cards by which a subscriber agreed to pay monthly for one year to the treasurer of the association one dollar.    In an action brought by the association in a local court to recover a balance due upon the pledge card signed by defendant the

**17**

answer was a general denial. Upon reversing the judgment in favor of defendant entered on a verdict of no cause of action, *held:* That under section 1776 of the Code of Civil Procedure it was doubtful whether defendant had the right to question the regularity and validity of the proceeding for the incorporation of plaintiff.

There being no real claim of fraud asserted, testimony of defendant as to his understanding at the time he signed the pledge card and his ignorance of its conditions was inadmissible, being neither necessary to prove consideration nor to explain any ambiguity in the terms of the pledge card.

In view of the affirmative testimony of the officers and employees of plaintiff that certain of the funds were expended and liabilities incurred upon the strength of defendant's and similar pledges, defendant's right of cross-examination as to when, where and how the funds were expended could not be curtailed, but questions of waste and mismanagement were not triable in this action, as the propriety of the various items of expenditures was irrelevant to the issue.

APPEAL from a judgment in favor of defendant rendered in the City Court of Mechanicville.

Robert Fisher, for appellant.

H. A. Gordon, for respondent.

McKELVEY, J. The plaintiff in this action appeals to the County Court of the county of Saratoga from a judgment in favor of the defendant which was rendered by the City Court of Mechanicville after a trial by jury.

While the amount here involved is comparatively small, the questions of law which shall determine the issue are, nevertheless, of rather far-reaching importance because of the fact that many similar controversies will necessarily be affected. In fact, other cases are now pending in which the same questions arise, and still others, I understand, are about to be brought.

I have, therefore, considered it proper that I should

state, in brief form at least, the main reasons which have prompted the decision about to be made.

During the great world war which has just terminated, constant and unusual demands were made upon the patriotism and the generosity of our people for the aid and support of its numerous so-called "War Charities" which were active in the work of humanity. To an extent never before known in its history, the loyal and devoted men and women of the nation answered these demands with open hand and willing heart, but at times with the feeling that the petitions presented were too numerous and too frequent, and with some natural question as to whether all these charities were in truth worthy of consideration.

It was to systematize this extensive charitable enterprise, if it may be so called, and to assure the public that their gifts and subscriptions would be disbursed by competent local authorities, that a plan, generally known as the "War Chest" was adopted in many of our cities and communities; the general scheme of which was to provide a local committee, which should solicit yearly or monthly subscriptions to a single fund, that fund to be fairly apportioned in the war work, thus relieving the community of the annoyance and the danger of promiscuous and repeated solicitation. The plaintiff is an incorporated association formed for this purpose in the city of Mechanicville, N. Y.

Its charter, filed May 9, 1918, bearing the approval of a justice of the Supreme Court, stated the objects of the incorporation as follows:

"To receive dues and subscriptions from its members, and contributions from individuals, corporations, associations, firms and others, and to use such funds and property for the following purposes:

" 1. For the relief of sufferers from the war in which the United States are now engaged, and their dependents.

" 2. For the aid and comfort of the members of the Army and Navy of the United States, or of any country allied with the United States in the present war.

" 3. For the equipment of ambulances, hospitals and auxiliary units of any description for use in such war.

" 4. For any other similar or related purposes incident to the war.

"Any of such purposes may be carried out either directly by this corporation or by contributions to other corporations, associations or agencies organized for the same or similar purposes or engaged in carrying on the same or similar work; and the funds of this corporation available for such purposes shall be expended or contributed at such times and in such proportions or amounts as between different agencies or purposes, as may be determined from time to time by the Board of Directors of this corporation."

By-laws adopted by the corporation, and still in force, read in part as follows:

" 1. The dues of members are $1.00 per month, payable monthly. There is no limitation upon the number of memberships that may be taken by any member.

" In addition to the monthly dues all members will be expected to contribute to the War Chest according to their means and in proportion to their earnings and income.

" 2. A person or corporation by filling out, signing and delivering to the Mechanicville War Chest, or one of its representatives, a form provided for that purpose, and by paying a first monthly installment of dues

on the number of memberships subscribed for, is thereby duly enlisted as a member of the War Chest.''

After its incorporation, the plaintiff, through the formation of suitable committees and the appointment of responsible agencies, entered upon a systematic method of soliciting membership and subscriptions from the citizens of Mechanicville; and a printed card was used for that purpose and signed by the defendant reading as follows:

" W. H. BUTTERFIELD             Amount $12.00
          " 313 Broadway         Obtained by Packer
                                 & Van Doren.

" I hereby enlist as a member of the Mechanicville War Chest.

" I agree to pay monthly for one year to F. S. Clute, treasurer, or his successor in office the sum of Twelve Dollars to be used by the Mechanicville War Chest for the purpose for which it was organized.

" I agree to make my payments monthly.

" The first installment is to be due June 1, 1918.
                         " Signature, W. H. BUTTERFIELD.''

When the card was signed the defendant paid the sum of one dollar as his first monthly installment, and later made other payments, all aggregating four dollars. The balance of eight dollars was never paid, and it is for the recovery of that amount that this action is brought.

The answer is a general denial, and after a protracted trial before a jury in the City Court, a verdict of no cause of action was rendered.

From the record of the trial in the court below, as well as by the remarks of counsel upon the argument before me, it would appear that there has been much of feeling and considerable dissatisfaction among the

County Court, Saratoga County, January, 1920. [Vol. 110.

various subscribers, both upon the question whether, in a moral sense, the balance due should be collected, and also concerning the management and distribution of the fund by those having it in charge. With such matters, of course, this court has nothing whatever to do in the present action, and may properly express no opinion thereon.

If the fund has been improperly managed or distributed, or if there has been improvidence or waste, on the part of the directors or managers of the corporation, there must be an appropriate remedy, for the Supreme Court has the power of visitation over all such corporations and associations; and if it be true, as urged by the defendant, that the purpose of the corporation has been fulfilled and the reason for its existence passed, then there must also be a way for the closing of its affairs and the equitable distribution of its assets. Such matters, however, cannot be litigated in this action, either by the plaintiff or by the defendant.

The sole question here presented is whether or not, upon the legal and competent evidence which was presented in the court below, the promise of the defendant is a binding and enforcible obligation; and this is purely a question of law, for upon the competent and relevant evidence there is no real issue of fact.

I decide this question of law in favor of the plaintiff, and I hold and determine that the judgment appealed from must be reversed, for the following reasons:

By signing the so-called " Pledge Card " the defendant became a member of the corporation, bound with implied knowledge of its certificate and its by-laws, and his act became a contract in fact and in law, which was acted upon in good faith by the corporation, the testimony of whose officers fairly shows, and without contradiction, that the funds realized, and to be real-

ized from this and like promises, were set apart for the general uses stated in the act of incorporation and, partially at least, distributed among the charities intended. Moreover, expenses were incurred in reliance upon such pledges.

It can make but little difference in the determination of the present case whether such liability shall be predicated upon the contract of a member to pay his dues (*Thompson* v. *Wyandanch Club*, 70 Misc. Rep. 299); or upon a consideration of the promise as an enforcible subscription contract. *Keuka College Case*, 167 N. Y. 97; *Richmondville Union Seminary* v. *McDonald*, 34 id. 379; *Barnes* v. *Perine*, 12 id. 18.

Upon either theory, I think, the defendant's contention must fail, and none of the cases cited by his attorney appear to be in point.

This seems to be a clear and well-established principle of the law; but at first glance the situation is confused by the fact that while the plaintiff's corporate name is " Mechanicville War Chest, Inc.," upon the subscription or pledge card, the last three letters " Inc." were omitted from the designation. This was an unfortunate error, in the sense that it has probably been one of the main causes of an erroneous conception of the legal effect of the promise made by the citizens of the community; but in reality it has no effect whatever upon the validity and enforcibility of the obligation.

There is no question of the identity of the corporation intended, and the omission of this legal and technical appellation could not, even in the slightest degree, have deceived any of the members or subscribers. Seldom, if ever, is the term " Inc." used by laymen in the mention of the name of a corporation, although hundreds, if not thousands, are thus technically described in their charters.

If there had been more than one body or association similarly named or designated, engaged in similar work at the same, or in a near-by city, the rule might be different; but such is not the fact here, and it would not be a very proud commentary upon our judicial system if such a technical objection could prevail in a case of this character. A ruling to that effect would not be right in morals, nor would it accord with the settled practice of the law. *Hammond* v. *Shepard,* 29 How. Pr. 189; *People ex rel. Haines* v. *Smith,* 45 N. Y. 772.

It is unnecessary to pass upon all the questions argued in the briefs of opposing counsel; for enough has been said here to indicate the general grounds upon which the decision about to be made is intended to rest; but in view of the probability that this or similar cases may be tried at some future time, it is perhaps proper that this court should mention briefly some of the more important matters of evidence which were erroneously received upon the trial in the City Court, and the improper consideration of which undoubtedly misled the jury in the attempted performance of which must have been a most distasteful and embarrassing duty.

Among other things, in view of the general form of the answer, I doubt the right of the defendant in this action to question the regularity and validity of the proceedings for the incorporation of the plaintiff. Code Civ. Pro. § 1776.

I also hold that the testimony offered by the defendant as to his understanding at the time of signing the pledge and his ignorance of its conditions and meaning was inadmissible, there being no real claim of fraud asserted, and such testimony being wholly unnecessary either to prove the consideration for the

promise or to explain any ambiguous or doubtful terms therein.

I also decide that in view of the affirmative evidence of the officers and employees of the association that certain of the funds were expended and liabilities incurred upon the strength of this and similar pledges, the field of cross-examination was broad and unlimited as to when, where and how the funds were expended; and if upon any subsequent trial such evidence shall be offered by the plaintiff, the defendant's right to test its truth cannot be unduly curtailed. But, as I have already observed, the questions of waste and mismanagement cannot be tried in an action of this character, and any debate as to the propriety of the various items of expenditure must therefore be irrelevant to the issue involved.

For these reasons I have determined that the judgment appealed from must be reversed; but in view of the small amount originally involved, I will not award the amount of costs demanded by plaintiff's counsel unless I shall be fully convinced that there is no escape from so doing. The order proposed by plaintiff's attorney demands seventy-five dollars and twenty-five cents costs; and that feature of the case is not fully argued in the defendant's brief. I desire to hear both sides upon the question whether the costs are absolute or discretionary; and, if absolute, whether there is any legal method by which a smaller allowance may be fixed. To this end I direct that the order of reversal shall be settled before me upon notice.

Judgment reversed.