DeMARIA AND JANSSEN, INC., RESPONDENT, v. JOHN J. BAUM, APPELLANT.—52 S. W. (2d) 418.

Kansas City Court of Appeals. June 13, 1932.

*Watson, Gage, Ess, Groner & Barnett* for respondent.

*Grant I. Rosenzweig, Charles E. McCoy* and *Harry Howard* for appellant.

CAMPBELL, C.—This is an action of unlawful detainer instituted in the court of a justice of the peace. The cause was removed to the circuit court by *certiorari* where a trial before court and jury resulted in a verdict and judgment for the possession of the property involved, and for two dollars damage and $115 per month for rents and profits until restitution of the premises be made. Defendant appeals.

The defendant, for a period of about twenty years before the institution of this suit was tenant of Kansas City, Missouri, occupying outside double stall No. 33 at the City Market, known as 424 Walnut Street in said city. The last lease to defendant was made July 1, 1929, and by its terms expired April 30, 1930.

Kansas City, Missouri, as lessor, on May 28, 1930, executed a lease in which it is recited that it leased to DeMaria & Janssen the said premises to April 30, 1931. The instrument was also signed "DeMaria & Janssen." On October 2, 1930, plaintiff served notice upon the defendant demanding possession of the premises. The sufficiency of the notice is not questioned. The defendant refused to deliver possession of the premises to plaintiff, and plaintiff thereupon instituted this action before Frank Benanti, a justice of the peace of District No. 2 in Kaw Township, Jackson County, Missouri.

The complaint alleged that the premises unlawfully detained were situated in Kaw Township, Jackson County, Missouri, but did not alleged that the premises were within the second district of the township, over which said Benanti presided.

There was evidence showing that the property was situated in said Kaw Township, but there was no evidence that it was situated within said second district. It is urged that the said justice of the peace was without jurisdiction for the reason that it was not alleged in the complaint nor did the evidence prove that the property alleged to be unlawfully detained was within the district of the said justice.

It is claimed that section 2404, Revised Statutes 1929, is applicable to the question here involved. Said section provides that a justice of the peace is without jurisdiction to entertain an action of unlawful detainer unless the property affected thereby is within the district of such justices. Said section is a part of Article 10, Chapter

10, Revised Statutes 1929, which relates to cities "with 300,000 inhabitants and over."

Said Article 10, as originally enacted, applied only to the city of St. Louis, Kansas City having at that time less than 300,000 inhabitants. Section 2394 of said Article 10 provides that on the general election day in 1894, and every four years thereafter, one justice of the peace shall be elected for each district in cities having 300,000 inhabitants or more. Section 2395 of said article provides for five districts for the first 100,000 of population and one for every additional 100,000. Section 2397 of said article provides that the judges of the probate court, criminal court, criminal court of correction, and of the circuit court or a majority thereof shall, six months prior to the general election of 1894, divide their respective cities into districts upon the basis of population as fixed by the article and define the boundaries thereof.

It is manifest that, since Kansas City came into the 300,000 class long after 1894, no method is provided by said Article 10 for the division of it into districts over which a justice of the peace could preside.

Article 9 of Chapter 10 applies to Kaw Township. Said article is applicable in townships having "two hundred thousand and less than four hundred thousand inhabitants."

Section 2374 of said Article 9 provides that a justice of the peace elected under the provisions of said article has jurisdiction in action of unlawful detainer where the property to be affected is situated within the township of which his district is a part.

Clearly, the justice Benanti had jurisdiction to entertain the complaint, though it was not alleged therein that the premises were situated within the district of Kaw Township, over which he presided. [Ellsworth v. Wilhelm, 186 S. W. 1128.] It is also insisted that there was no evidence that the premises described in the complaint were situated within Kaw Township.

The complaint described the premises as follows:

"The outside double stall number thirty-three (33) in the old City Market House in Kaw Township, in Kansas City, in Jackson County, Missouri, and being located at, and commonly known and designated as, number 424, Walnut Street, in Kaw Township, in Kansas City, in Jackson County, Missouri."

The record discloses that defendant's counsel, in his opening statement to the jury, said:

"The defendant in this case, John J. Baum, has been engaged in the wholesale commission business, selling produce at the City Market for over twenty years. He has occupied and paid the rent on this stall to which this plaintiff is now trying to get the possession."

The lease, from Kansas City to the defendant, was introduced in evidence and therein the property was described as outside stall or

space No. 33 in the old City Market House which was the premises occupied by defendant and the premises "which the plaintiff is now trying to get the possession."

It may be said that at the trial the parties proceeded upon the theory that the premises alleged to be unlawfully detained were within Kaw Township, the point being made by the defendant that there was no allegation that said premises were within the district over which the justice, before whom the suit was brought, presided.

Defendant insists that the lease under which plaintiff claims, demised the premises to DeMaria & Janssen and not to plaintiff in its corporate capacity. Plaintiff became a body corporate in 1909; has ever since transacted business in Kansas City; for many years occupied a stall in the Market House as the tenant of Kansas City, Missouri, and was generally known by the name DeMaria & Janssen. No other person, natural or artificial, transacted business in the locality in question under the name "DeMaria & Janssen" except the plaintiff corporation.

After the making of the lease by Kansas City under which plaintiff claims, plaintiff corporation paid the rent to the lessor and was recognized by the lessor as its tenant. The plaintiff's president signed the lease for and on its behalf, and plaintiff thereby became bound by its terms, though its full corporate name does not appear in the body of the lease. [Guess v. Russell Bros. Clothing Co., 231 S. W. 1015; 14 C. J. 324.]

It is argued by the defendant that the court erroneously permitted witness Janssen to testify as to the reasonable rental value of the premises. The witness said that seventy-five or eighty dollars "a month would be the reasonable rental value of those stalls." The record, however, reveals that the jury found the rental value of the premises to be the same amount which defendant agreed to pay therefor, and the same amount which plaintiff agreed to pay therefor. There is therefore no basis for complaint as to the amount of the verdict relating to rents, and the error, if any, in admitting the evidence, was harmless.

It is insisted that plaintiff's instruction 2-a did not require the jury to find that the premises involved were within the territorial jurisdiction of the justice, before whom the suit was brought. The instruction required the jury to find that Kansas City, Missouri, demised "the premises mentioned in evidence" to plaintiff and that plaintiff, in writing, demanded the possession thereof. The written demand correctly and fully describe the premises, and hence the jury was required to find the premises were situated within Kaw Township. Moreover, considering the opening statement of counsel, which we have quoted, and the conduct of the parties during the trial, the court could have told the jury that the premises involved were situated within Kaw Township

The defendant contends that there is no evidence that the lease to plaintiff was executed by Kansas City. The lease was signed "Kansas City, Missouri, by Ben Jaudon, director of finance." It was shown by Mr. Jaudon's successor in office that the signature to the lease was in the handwriting of Mr. Jaudon; that the lease under which defendant held was signed in the same way and by the same person. It was also shown that after the plaintiff obtained the lease it paid the rent therein provided to Kansas City. The point is ruled against defendant.

It is urged that that part of the judgment which awards recovery of rents until restitution of the premises be made is erroneous for the reason that plaintiff was not entitled to recover rent beyond the expiration of the term provided in the lease to it.

The motion for new trial did not assign that the verdict was excessive.

The grounds of motion for new trial, which defendant claims are sufficient to allow review of the question, are: (1) The judgment is against the law; (2) the judgment is against the evidence, and (3) the judgment is against the law and the evidence.

The grounds of the motion are not sufficiently specific to preserve for review here the action of the court in rendering the judgment. [Bond v. Williams, 279 Mo. 215, 227; National Bond & Investment Company v. Hodiamont Bank, 29 S. W. (2d) 205.]

Finding no error in the record prejudicial to the defendant it follows that the judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Arnold, J.,* absent.