ARTHUR C. HAYSLER, d/b/a INDEX EMPLOYMENT COMPANY, APPEL-
LANT, v. S. B. BUTTERFIELD AND CHARLES G. JAMES, d/b/a GLOBE
EMPLOYMENT AGENCY, RESPONDENT.—218 S. W. 2d 129.

Kansas City Court of Appeals. Opinion delivered January 10, 1949.

*Thomas J. Wheatley* and *J. R. Clagett* for appellant.

*Robert M. Murray* for respondents.

736

SPERRY, C.—Plaintiff operates an employment agency. Defendants are former employees who, December 8, 1947, resigned their employment and themselves engaged in the employment agency business, contrary to the terms of a contract of employment previously entered into between them and plaintiff. This is a suit in equity wherein plaintiff seeks to enjoin defendants from engaging in any phase of the employment agency business. A preliminary writ was issued. After hearing plaintiff's evidence, judgment was rendered for defendants and the writ was dismissed. Plaintiff appeals.

The pertinent portion of the employment contracts upon which this suit is based, is as follows:

"* * * in the event this agreement of employment is terminated * * * Second Party will not engage, either as owner, part owner or as an employee, actively or silently, in any phase of the employment agency business in Kansas City, Missouri; Jackson County, Missouri; Clay County, Missouri; or Wyandotte County, Kansas, for a period of at least two years from the effective date of such termination of employment with First Party."

The evidence on behalf of plaintiff was to the effect that he operates an employment agency in Kansas City, Missouri; that the business consists of inducing people, who are desirous of obtaining employment to permit plaintiff to place them in suitable places of employment for a consideration; that in order to place such customers in employment it is necessary that plaintiff have and maintain friendly con-

tacts with employers, that he operates extensively throughout the four counties named in the contract; that such business was established in 1941; that plaintiff employs "counsellors," to whom he refers job seekers and prospective employers; that defendants were employed as counsellors and, in that capacity, had access to plaintiff's files of employer-customers in this area, as well as to the files of applicants for various positions; that the matter of "placing" applicants in suitable employment was, under plaintiff's system of operation, almost entirely in the hands of the various counsellors employed by him; that such counsellors, including defendants, necessarily develop close contacts and friendly relations with plaintiff's employer-customers and, upon leaving plaintiff's employment defendants carried with them this knowledge; that, if said information, and relationship so established, were exploited by such counsellors for the benefit of a competitor it would work great injury to the plaintiff in his business.

The evidence was also to the effect that plaintiff, at the time of the trial, employed some 24 counsellors; that if a counsellor was adapted to the work, it took him but a few days in which to learn the mechanics of his employment and be able to do a good job in placement; that defendants had the proper attributes and personality for that kind of work and were good counsellors.

The court stated that he accepted as true the evidence of plaintiff but considered defendants' employment as not much different from that required in a store or a manufacturing establishment; and that, therefore, the contract is unreasonable and unenforceable.

In the case of Jaccard Jewelry Company v. O'Brien, 70 Mo. App. 432, relied on by defendants, it was ruled that a court of equity will not restrain a breach of a contract for personal services unless the services are unique, individual and peculiar. The court refused to restrain a breach of such a contract on the part of a jewelry salesman, holding that plaintiff could have replaced him with very little effort. With the *result* reached in that case we agree, but it has not been cited in any Missouri opinion, according to Shepard's Missouri Citations.

In Williston On Contracts, Rev. Ed. Vol. 5. par. 1643, it is said that courts are less disposed to enforce covenants to refrain from employment in competitive occupations, when forming a part of an employment contract, than they are forming a part of a contract for sale of a business; but, said the author: "If it is rightful to protect a business when it is purchased it should be lawful to protect an established business from injury by an employee, unless circumstances of great hardship exist. The ultimate question should be the same in both cases,—what is necessary for the protection of the promisee's rights and is not injurious to the public." As supporting that proposition the author cites a large number of cases, includ-

ing that of City Ice & Fuel Company v. McKee (St. L.) 57 S. W. 2d, 443.

In Mallinckrodt Chemical Works v. Nemnich, 83 Mo. App. 6, the court considered a case similar to the one at bar. The court indicated that if the contract did not unreasonably restrain trade it would be enforced, and said, l. c. 14: "The general doctrine is that agreements in restraint of trade will be upheld when the restriction does not go beyond some particular locality, is founded on a sufficient consideration, and is limited as to time, place, and person." The injunction was denied because the contract prohibited defendant's employment anywhere in the United States, which, it was said, was unnecessary. That decision was approved by the Supreme Court when the case was before it on certiorari. 160 Mo. 388.

In Garlichs v. Anderson, 226 S. W. 978, l. c. 979, the action was based on a contract of employment, and was to "enjoin and restrain the defendant from engaging in any manner, directly or indirectly, in the insurance business in St. Joseph and Buchanan County for a period of five years * * *." At l. c. 983, we said, "It is well settled that contracts of the character here in question are enforceable in equity."

City Ice & Fuel Company v. Snell, 57 S. W. 2d, 440, and City Ice & Fuel Company v. McKee, supra, were employment contract cases between a company engaged in the retail sale of ice, coal, fuel, oil, etc., and salesman who sold and delivered its products within certain described zones in the city of St. Louis. The contracts provided that it was agreed that the employee would not, within one year after leaving said employment, "either directly or indirectly, in any way, sell, solicit, or deliver ice, coal or fuel oil, or collect for ice, coal or fuel oil," within the described district. The court said that it is now well established by decisions of the appellate courts of Missouri that similar contracts are not void as against public policy or in restraint of trade. The restraints were enforced.

The rule is that this type of contract will be enforced by equity. The subject covered here is not materially different from the occupation of iceman or insurance salesman. The contract is definite and limited as to time (two years), space (four contiguous counties), and person. Defendants contend that it is too broad in that it prohibits them from engaging in "any phase" of the employment agency business, that such language is broader than is needed for plaintiff's protection. This language is no broader than that used in the Garlichs case, supra, to-wit: "Will not * * * either for himself or as an employee or associate in any capacity * * * directly or indirectly * * * engage in any branch of the insurance business."

The restraint may be: "What is necessary for the protection of the promisee's rights and is not injurious to the public." Measured by that rule we think the prohibition is not unreasonable. If de-

fendants should accept employment, in any capacity, in an employment agency in this area, they would be in a position to injure plaintiff by imparting to their employer their knowledge of the peculiar needs and requirements of many employers, customers of plaintiff, such knowledge having been gained through their employment by plaintiff. Indeed, defendants would owe to any new employer a duty to forward his interests by building up the business, by soliciting the patronage of prospective customers whose needs are known to them. Human nature being what it is, plaintiff sought to guard himself against such injury. In enforcing the contract no particular hardship will be worked as to defendants, for they can be employed in any business except that of employment agency and, in that business, anywhere except within the area generally known as ''Greater Kansas City.'' Neither will the public suffer. It is not suggested that such a contract would tend to build a monopoly in this field. Defendants are not materially hampered or restrained as to employment, either here or elsewhere, so as to make it likely that they will become public charges; nor will the public be deprived of the benefit of any unusual talent or productive ability, as might be true in some cases.

The judgment should be reversed and the cause remanded for a new trial with directions to reinstate the temporary restraining order and to proceed in accordance with this opinion. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded for a new trial with directions to reinstate the temporary restraining order and to proceed in accordance with this opinion. All concur.