Edna F. SIMPSON, Plaintiff-Respondent,

v.

The ISLAND VIEW SALES CORPORA-TION et al., Defendants,

Henry B. Hart, Defendant-Appellant.

No. 9982.

Missouri Court of Appeals, Springfield District.

Aug. 24, 1976.

Dale H. Close, Wood & Close, Lebanon, for plaintiff-respondent.

William Icenogle, Camdenton, for defendant-appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

## PER CURIAM:

Plaintiff sued to quiet title to certain Camden County real estate. All defendants, save Hart, defaulted. Hart (hereinafter defendant) answered averring, inter alia, that a recorded deed purportedly executed by him and delivered to a grantee-grantor in plaintiff's alleged chain of title was a forgery and thus void. Based upon her chain of title, the court nisi found plain-

tiff to be the owner of the real estate and defendant appealed.

Defendant's two points relied on are that the trial court erred in quieting title in plaintiff because (1) defendant "sustained his burden of establishing that the deed in question was a forgery," and because (2) "the deed from [defendant] to [plaintiff's predecessor] contains such an indefinite description as to make the deed void."

Rule 84.04(d), V.A.M.R., specifies that the "points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." The requirements of the rule are mandatory and applicable to court-tried cases. *Dors v. Wulff,* 522 S.W.2d 325, 326–327[4] (Mo.App.1975). Abstract statements do not sate the rule because they do not isolate any reasons wherein and why an appellant claims the actions or ruling of the trial court were erroneous, and an appellate court is not obliged to seek out the missing whereins and whys by threshing the transcript on appeal or the argument section of an appellant's brief. *Matter of Estate of Langford,* 529 S.W.2d 31, 32–33[4–6] (Mo. App.1975). Defendant's points relied on are unadulterated abstractions consisting of simple conclusions standing naked of factual recitations to afford an insight as to wherein and why it is claimed defendant's burden was sustained or the deed description was so defective as to make it void. *State ex rel. State Highway Comm. v. Graeler,* 527 S.W.2d 421, 425[4] (Mo.App. 1975). Wherein and why defendant thinks his burden was sustained and the deed's description was indefinite is left for us to guess and ponder. And when points are not recognizable from an appellant's brief, courts are not willing to speculate. *Butterbaugh v. Public Water Supply Dist. No. 12 of Jackson County,* 512 S.W.2d 445, 447[6] (Mo.App.1974).

For many years the courts have sounded repeated caveats to appellants who ignore the rules relating to briefs by only salting them with abstractions [e. g., *Scott v. Missouri Pac. R. Co.,* 333 Mo. 374, 389[14], 62

S.W.2d 834, 840[17, 18] (1933)], and nigh to 70 years ago Judge Lamm penned: "The rules of appellate practice . . . are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once and for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure." *Sullivan v. Holbrook,* 211 Mo. 99, 104, 109 S.W. 668, 670 (1908). While courts have long beseeched compliance with the rules amid hints of impending punishment for nonacquiescence, the practice more often was to suffer the transgression until the deluge of cases appealed threatened to overwhelm the appellate courts and forced them to declare, "Enough." Obedience to the rules is demanded if a fair and expeditious determination is to be made of the mass of litigation inundating our courts. *Cope v. McClain,* 529 S.W.2d 6, 8 (Mo.App.1975).

For the reasons stated, the appeal will be dismissed.

■ Nevertheless, so that defendant may not proclaim his fate resulted from the employment of legal technicalities only, by way of obiter dictum we have this to say. Plaintiff claimed title through a deed that had been of record for more than 10 years and § 490.360, V.A.M.S., afforded her prima facie evidence of the genuineness thereof, i. e., "such evidence which, although not compelling a verdict for the party whose contention it supports, 'is sufficient to satisfy the burden of proof to support a verdict in favor of the party by whom it is introduced when not rebutted by other evidence.' " *State ex rel. State Dept. of Public Health & Welfare, Division of Welfare v. Hogg,* 466 S.W.2d 167, 170[2] (Mo.App.1971). Before defendant was entitled to the exercise by a court of equity of its extraordinary power to set aside the deed, he had the burden of establishing the asserted forgery by clear, cogent and convincing evidence. *Blackburn v. Spence,* 384 S.W.2d 535, 539[4] (Mo.1964). When it is considered that the only evidence of forgery reposed in the testimony of defendant, who admittedly did not examine the deed records to check the signature on the deed in question, and that the trial court had leave to believe none, all or a part of defendant's testimony [*Long v. Lincoln,* 528 S.W.2d 512, 513 (Mo.App.1975)], we could not conclude there was no substantial evidence to support the decree of the trial court, that it was against the weight of the evidence, or that it erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo.banc 1976); Rule 73.01, V.A.M.R. As to defendant's second point, it suffices to say that since the issue of the deed's description being so indefinite to make it void was not pleaded, proved nor alleged at trial (except incidentally regarding other matters), or mentioned in the post-trial motions of defendant, it may not be raised now for the first time on appeal. *South Side Plumbing Co. v. Tigges,* 525 S.W.2d 583, 590[17] (Mo.App.1975).

The appeal is dismissed.

All concur.