This is an action upon a contract by WAAY Television (appellee) against William Y. Aydlotte and James F. Paddock (appellants). The trial court, after an ore tenus hearing, found for the appellee. The appellants appeal to this court. For the reasons stated below we reverse.
The record reveals the following: During 1979, the appellee-WAAY, through its media representative in Atlanta, Georgia, entered into a contract with Paddock, Smith 
Aydlotte, an advertising agency located in Atlanta. The contract required the appellee to broadcast a series of commercials prepared by the agency on behalf of one of the agency's clients. The contract referred to the agency as "Paddock, Smith Aydlotte." Nowhere in the contract was there any indication that the agency was a corporation. Furthermore, the appellee's media representative and advertising sales manager both testified that, at the time appellee entered the contract, they were not aware that the agency was a corporation.
Pursuant to the contract, WAAY aired the commercials during the 1980 Winter Olympics. After airing the commercials, however, the appellee-WAAY was unable to obtain payment for the air time it had provided. Appellee then instituted this action against the agency and against Aydlotte and Paddock individually in an attempt to obtain payment for the services it rendered. The agency was ultimately dismissed as a defendant and final judgment was entered against the individual defendants in the amount of $2,524.38 plus interest.
On appeal, the appellants contend that Paddock, Smith 
Aydlotte was a duly formed corporation and, consequently, the corporation and not the appellants individually is liable on the debt. This contention is supported by undisputed evidence that the agency was duly incorporated pursuant to the laws of the State of Georgia and, furthermore, that under Ga. Code Ann. § 106-301 (1968), the agency was authorized to do business under the trade name of Paddock, Smith Aydlotte.
Appellee-WAAY, through able counsel, contends, on appeal, that the trial court's judgment should be affirmed because the individual appellants are personally liable on the debt due to their failure to disclose that their business was a corporation.
In Alabama, where a trial court hears evidence ore tenus, its judgment comes to the appellate court cloaked with a presumption of correctness. E.g., Pipes v. Adams, 381 So.2d 86
(Ala.Civ.App. 1980); Alabama Farm Bureau Mutual Insurance Co.v. Davis, 354 So.2d 15 (Ala.Civ.App. 1978). The ore tenus
presumption, however, has no application where, as here, the facts are undisputed. Hendrix, Mohr Yardley, Inc. v. City ofDaphne, 359 So.2d 792 (Ala. 1978); Taylor v. Godsey,357 So.2d 979 (Ala. 1978). When the facts are undisputed, the appellate court must determine whether the trial court misapplied the law to the undisputed facts. Home Indemnity Co. v. Reed EquipmentCo., 381 So.2d 45 (Ala. 1980).
The issue which the trial court determined and which, in light of the above, this court must now determine is whether these individual appellants are liable for the debt of the corporation because the appellee's representatives were not aware they were dealing with a corporation. We hold that the individuals are not liable for the debts of the corporation.
This court has been cited no Alabama authority nor have we found any ourselves that would be dispositive of the issue before us. The issue has, however, been addressed in other jurisdictions.
The case most clearly on point is Kitchell Corp. v.Hermansen, 8 Ariz. App. 424, 446 P.2d 934 (1968). The Kitchell Corporation had entered into a contract with an entity named in the contract as "Hermansen and Horwitz and Company." In an attempt to recover on the contract, Kitchell brought *Page 108 
this action against Hermansen and Horwitz individually. After noting that "Hermansen and Horwitz and Company" was duly incorporated and, further, that there was no reliance by Kitchell Corporation upon the individual liability of the officers of "Hermansen and Horwitz and Company," the Arizona Court of Appeals held that the defendants were not individually liable for the debts of the corporation.
The New York case of Hamilton v. Davis, 90 N.Y.S. 370 (App. Term 1904) is also instructive. The case is factually very similar to Kitchell. The plaintiff and defendants entered into a contract that did not disclose that the defendants were doing business as a corporation. In fact, the court noted that the name used in the contract indicated that the defendants were doing business as a partnership. Hamilton differs fromKitchell, however, in that in Hamilton there was evidence that the defendants had deliberately concealed that they were doing business as a corporation. Furthermore, there was evidence that the plaintiff was induced to contract with the defendants upon the faith of their liability as individuals. Based upon these facts, the court in Hamilton held that the defendants would be estopped to deny liability as partners.
The above cases appear to stand for the principle that, even though an entity is unaware that it is dealing with a corporation, unless there is some proof of detrimental reliance upon the individual liability of members of the corporation, the individuals will not be liable for the debts of their corporation. See Bank of Dillon v. Murchison, 213 F. 147 (4th Cir. 1914); De Maria Janssen, Inc. v. Baum, 227 Mo.App. 212,52 S.W.2d 418 (1932); Mechanicville War Chest, Inc. v.Butterfield, 110 Misc. 257, 181 N.Y.S. 428 (1920). See also 19 C.J.S. Corporations § 1136 (1940).
This principle is not without support in Alabama. InChristian Craft Grocery Co. v. Fruitdale Lumber Co., 121 Ala. 340,25 So. 566 (1899), the plaintiff grocery company sought to enforce personal liability against certain individual defendants contending that it had dealt with the defendants as a partnership. The individuals defended by asserting that they were mere shareholders and officers of a de facto corporation and that the plaintiff had dealt with them as a corporation.
This case is similar to Hamilton in that there was evidence that the business with which the plaintiff dealt had been represented to it as a partnership. The trial court however excluded this evidence and our supreme court held that it erred in so doing. In reaching its decision the supreme court stated that such evidence was competent as tending to show that the plaintiff dealt with the defendants as a partnership. We may thus presume that the plaintiff dealt with the defendants in reliance on their personal liability as partners.
The doctrine of partnership by estoppel is also supportive of the foregoing principle in that there must be some detrimental reliance upon the conduct or declarations of another indicating that he is a partner or the business is a partnership before the doctrine will be invoked. See Paterson v. Mobile Steel Co.,202 Ala. 471, 80 So. 855 (1919); Dicks v. McAllister,20 Ala. App. 5, 100 So. 631 (1924); Letson v. Hall, 1 Ala. App. 619,55 So. 944 (1911); Kitchell Corp. v. Hermansen, supra. If there is no detrimental reliance the doctrine is not available as a basis upon which to establish individual liability.
Applying the foregoing principles of law to the facts before us, we must conclude that the appellants are not individually liable.
It is undisputed that Paddock, Smith Aydlotte was a duly formed corporation and had been since its inception. Though the contract did not indicate that the agency was a corporation and the appellee's representatives were not informed that the agency was a corporation, there is no evidence that the agency's status as a corporation was deliberately concealed. In fact, the agency was clearly listed as a corporation in two separate trade journals. Furthermore, there is no evidence that the agency was ever represented as a partnership or that the appellee's representatives relied upon *Page 109 
the individual liability of the appellants. Appellee's advertising sales manager testified that no one at WAAY had ever dealt with the appellants individually. Additionally, when appellee's media representative was asked why he did not consult a certain trade journal to determine the legitimacy of the advertising agency he replied that there was no reason to because he usually relied upon the client the agency represented, which, in this case, was Cotton States Insurance Company. It is thus apparent that the business organization under which the agency operated was of little consequence to the appellee.
In the final analysis, this is simply a case in which the appellee-WAAY is attempting to impose the liability of the corporation upon the corporation's officers. Paddock, Smith 
Aydlotte was a corporation and as such was a separate entity solely liable for its debts. In light of the above discussion its status as a corporation was not vitiated by the fact that appellee's representatives did not know it was a corporation. The corporate veil can be pierced to impose personal liability when the corporate form is used to evade personal liability. Cohen v.Williams, 294 Ala. 417, 318 So.2d 279 (1975). There is no evidence that the appellants used the corporate form to evade personal liability. Consequently, they cannot be held personally liable for the debts of the corporation.
We note that, at the time of this transaction, Alabama had no statute dealing with the name of a foreign corporation transacting business in Alabama. Even if Alabama had had such a statute, this isolated transaction would probably not have been sufficient to subject the agency to Alabama law. See Swicegood v.Century Factors, Inc., 280 Ala. 37, 189 So.2d 776 (1966). Consequently, this agency was subject solely to Georgia corporate law. Had this been a domestic corporation or a foreign corporation subject to Alabama corporate law, the result might have been different. See §§ 10-2A-25, -230, Code of Ala. 1975 (1980 replacement volume).
In light of the above holding, any discussion of other issues raised on appeal is pretermitted.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.