ROBERTSON, Presiding Judge.
In May 1990, James Cleghorn filed a complaint against Ferron Metalcraft (Metalcraft) and Ferron Aerospace and Defense Systems., Inc. (FADS), alleging that the defendants had entered into a contract with Cleghorn Associates for consulting services and that defendants had failed to pay.
Cleghorn later amended his complaint to include as a defendant Aaron L. Jestice. Jestice was the president of Metalcraft, which was a division of FADS.
Jestice filed a motion for summary judgment, which was supported by his accompanying affidavit. The affidavit alleged that, *401 although he was president of FADS, he did not enter into any business arrangement with Cleghorn.
Cleghorn opposed the summary judgment motion with the following: the deposition upon written questions of Rex Harts-field, the answers to interrogatories of Aaron Jestiee, and the articles of incorporation of FADS and Ferron Ventures, Inc.
The trial court granted Jestice’s summary judgment motion, and also determined that there was no just reason for the delay of the entry of the summary judgment and ordered that the entry of the summary judgment in favor of Jestiee be final in nature. Cleghorn appeals.
We have examined the articles of incorporation and note that they establish that Mr. Jestiee was president of FADS. The answers to the interrogatories reveal that the corporation known as FADS is an inactive corporation and that it is insolvent. The deposition of Mr. Rex Hartsfield establishes that he was employed by Metalcraft as a vice-president. Hartsfield further stated that Metalcraft was a division of FADS and that he believed that FADS was a subsidiary of Ferron Ventures, Inc. Mr. Hartsfield also testified that he signed the consulting services agreement between Cleghorn and Metalcraft.
Summary judgment is proper when the pleadings and affidavits submitted by the movant in support of his motion establish that no genuine issue of material fact exists and, further, that he is entitled to a judgment as a matter of law. Gurley v. American Honda Motor Co., 505 So.2d 358 (Ala.1987). In our review of the propriety of a summary judgment, we are limited to reviewing the same factors and the same evidence considered by the trial court when it granted the motion. Turner v. Systems Fuel, 475 So.2d 539 (Ala.1985).
From the evidence presented on Jes-tice’s motion for summary judgment, the undisputed facts are that Jestiee was the president of FADS: However, from the record before us, we cannot find that Cleg-horn presented any evidence to indicate that Jestiee used the corporate form to avoid personal liability. The corporate veil can be pierced to impose personal liability on the officers of a corporation if the corporate form has been used to avoid personal liability. Paddock, Smith & Aydlotte v. WAAY Television, 410 So.2d 106 (Ala.Civ.App.1982).
We also note that, although Cleg-horn named Jestiee as a defendant in his pleadings, Cleghorn failed to make any allegations that Jestiee had misused the corporate form or that the corporation existed as a subterfuge to avoid personal liability. Thus, he cannot prevail on that theory in this court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983).
The judgment of the trial court granting Jestice’s summary judgment is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.